UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DARON MANDEL EVANS,**  Petitioner,  vs.  **RANDEE REWERTS,**  Respondent. | **2:25-CV-10640-TGB-KGA**  HON. TERRENCE G. BERG  **OPINION AND ORDER DISMISSING HABEAS PETITION** |

Michigan prisoner Daron Mandel Evans ("Evans") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Following a jury trial in the Wayne County Circuit Court, Evans was convicted of one count of delivery of a controlled substance causing death and two counts of delivery of a controlled substance less than 50 grams. He was sentenced, as a fourth habitual offender, to concurrent terms of 18 to 60 years in prison and 5 to 30 years in prison on those convictions.

In 2023, another judge in this district conditionally granted Evans' prior petition for a writ of habeas corpus on a sentencing claim arising from those state convictions and sentences in Case No. 2:19-cv-10760 (Roberts, J.). Evans has now filed a new form habeas petition, but it is blank where the grounds for the petition should be listed; Evans fails to articulate any claims, facts, or arguments in support of his request for habeas relief.

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rules Governing Section 2254 Cases, Rule 4). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A habeas petition may also be summarily dismissed if it does not "set forth facts that give rise to a cause of action under federal law." *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (Borman, J.).

The United States Supreme Court has held that a habeas suit begins with the filing of an application for habeas corpus relief—the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Habeas petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases. *McFarland*, 512 U.S. at 855. Those rules provide, in relevant part, that a habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Rule 2(c), Rules Governing Section 2254 Cases. Additionally, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule." Rule 2(d), Rules Governing Section 2254 Cases. "A prime

purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted). The Court has authority to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases.

Evans' current form habeas petition does not meet these requirements. While Evans references his state convictions and attaches an order from the Michigan Supreme Court denying leave to appeal in his post-habeas state criminal proceedings, he fails to say anything as to what the errors or problems were in his state proceedings; he does not set forth any specific grounds for relief or supporting facts. His petition thus fails to comply with the Rules Governing § 2254 Cases and the Federal Rules of Civil Procedure for instituting a habeas action in federal court.

Although the petition does not say that Evans seeks to challenge the state courts' compliance with Judge Roberts' prior order conditionally granting habeas relief, if that is what Evans intended to do, he needs to file a motion requesting that relief in that case: No. 2:19-cv-10760. He should not be filing a new habeas petition.

Accordingly, for the reasons stated, Evans' habeas petition will be **DISMISSED**. This dismissal does not prevent Evans from filing a new habeas petition if he includes specific claims for relief with supporting

facts. But he has not done that here. Likewise, if Evans' intention is to file a motion to enforce Judge Roberts' order, to request an unconditional writ of habeas corpus, and/or seek other appropriate relief in his previous case, No. 2:19-cv-10760, nothing prevents him for doing so. The Court makes no determination as to the merits of any such actions.

Accordingly, Evans' habeas petition is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this **16th** day of **April, 2025**.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge